# Brasington *v*. McManus, Appellant.

*Appeals—Assignments of error—New trial—Discretion of court.*
The refusal of the lower court to grant a new trial, in a proceeding under a scire facias to revive a judgment, will be affirmed, where it appears that the case was adequately submitted in the charge of the court, and that the verdict returned by the jury was warranted by the evidence. The granting of a new trial is within the discretion of the court, and its determination will not be overruled in the absence of abuse of such discretion.

Assignments of error which are not in conformity with the rules of court cannot be considered on appeal.

Argued October 6, 1919. Appeal, No. 10, Oct. T., 1919, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1888, No. 212, on verdict for plaintiff in the case of Theodore Brasington v. Michael McManus. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Scire facias to revive judgment for costs. Before FINLETTER, J.

From the record it appeared that the plaintiff, Theodore Brasington, filed a bill in equity against Michael McManus, defendant, in December, 1888. The bill called for a partnership accounting. The master's report was in favor of the defendant, exceptions to which were dismissed and the report confirmed by the court below. By decree filed thereafter plaintiff was ordered to pay the costs which were duly taxed at $403.48 and exceptions to the said taxation of costs were dismissed on December 1, 1890. On June 19, 1917, the defendant issued writ of scire facias to revive this judgment for costs and plaintiff filed an affidavit of defense thereto alleging that plaintiff and defendant had settled all matters between them by mutual agreement. Upon this issue the case came to trial on April 16, 1918, and a verdict was rendered by the jury in favor of the plaintiff. Defendant appealed.

*Error assigned,* among others, was the refusal of the court to grant a new trial.

Appellant, *Michael McManus* in propria persona.

*Thomas H. McCaffery,* for appellee.

PER CURIAM, February 28, 1920:

It is unfortunate for the appellant in this case, that he is not a member of the bar, and argues his appeal with the unwarranted feeling that he has not been treated with fairness. There is nothing in this record to suggest such a situation. The converse is clearly the fact, and an examination of the record demonstrates that the matter in controversy was fully and clearly presented by the trial judge to the jury. The dispute between the parties began in 1888, and after a number of hearings in different courts, and with different counsel representing him, it finally culminated in a trial before a jury, in which he was represented by counsel, when his rights

127, (1920).]          Opinion of the Court.

were fairly presented for the consideration of a jury, and resulted in a verdict for the plaintiff and a new trial was refused.

The assignments of error, except the first, are not in conformity with our rules of court. The first one is, that the court erred in refusing to grant a new trial, and it has been very carefully considered. We are all of the opinion that the case was adequately submitted, that the verdict returned by the jury was warranted by the evidence, and that the court below properly refused to grant a new trial.

The judgment is affirmed.